CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
7/24/2019
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )<br>)<br>) Case No. 2:12CR00009-007<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **JEFFREY SCOTT BREWINGTON, JR.,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*Jeffrey Scott Brewington, Jr., Pro Se Defendant.*

Defendant Jeffery Scott Brewington, Jr., a federal inmate proceeding pro se, has filed a motion to reduce sentence pursuant to § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which amended 18 U.S.C. § 3582(c), expanding the circumstances under which federal prison inmates may seek compassionate release.

The defendant was indicted in this court on March 21, 2012, and charged with, among other things, conspiring to possess with the intent to distribute and to distribute 500 grams or more of cocaine, methamphetamine, OxyContin, Percocet, Roxicet, Lortab, and Xanax, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)-(C), and 846 (Count One), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Nine).

The defendant pleaded guilty to Counts One and Nine pursuant to a written Plea Agreement. On October 22, 2012, the defendant was sentenced to a term of 120 months of imprisonment to be followed by a five-year period of supervised release. According to the website of the Bureau of Prisons ("BOP"), the defendant's current projected release date is January 2, 2021.

Prior to the 2018 FSA, only the Director of the Bureau of Prisons could file a motion with the court seeking compassionate release for an inmate. However, the 2018 FSA amended § 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The U.S. Sentencing Guidelines Manual ("USSG") provides that extraordinary and compelling reasons exist, in relevant part, if there is "[t]he death or incapacitation

of the caregiver of the defendant's minor child or minor children." USSG § 1B1.13 cmt. n.1(C) (2018).

The defendant seeks compassionate release on the ground that there is no one other than himself to care for his eight-year-old child. The defendant's Presentence Investigation Report ("PSR") prepared for this court on October 1, 2012, and revised on October 19, 2012, reported as follows:

> Mr. Brewington married Tamara Conaway on February 5, 2009, and he reported his marriage as good. This union has produced one child, [LGB], age one, who resides with his wife in Scott County. He also has two stepchildren with her, [DT], age five, and [KT], age seven. The defendant advised that he has another child, [DB], age 10, with Melissa Wright; however, his parental rights were terminated when he was incarcerated in Michigan.

PSR ¶ 55, ECF No. 186. The defendant alleges that a Virginia court took his daughter (presumably LGB) from his wife and placed his daughter with his mother, but that his mother has undergone surgery and is now unable to care for his daughter.

The defendant alleges that more than 30 days has elapsed since he made a request to the warden of his institution and no response has been received.

In response to the 2018 FSA, the BOP adopted a Program Statement relating to compassionate release. Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), https://www.bop.gov/policy/progstat/

5050_050_ EN.pdf. In connection with requests for release based on death or incapacity of a family member caregiver, it requires the inmate, among other things, to submit to the warden "verifiable medical documentation of the incapacitation," as well as "[v]erifiable documentation that the inmate is the parent of the child"; "[v]erifiable documentation providing the name and age of the child"; and "[a]uthorization from the inmate for the BOP to obtain information or documents from any individual, medical entity or doctor, or any government agency about the inmate, family members, and minor child." *Id*. at ¶ (5)(a).

The materials submitted to this court by the defendant do not indicate that he has provided any of the above-described materials to the warden. Accordingly, I cannot find that he has adequately exhausted his administrative remedy. Moreover, without such materials, this court would be unable to properly consider his request for compassionate release. *See United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 1472320, at *2 (D.N.M. Apr. 3, 2019).

For these reasons, the defendant's motion, ECF No. 264, is DENIED without prejudice to the defendant's future submission of a motion supported by the proper documentation, after exhausting his administrative remedy with the BOP.

ENTER: July 24, 2019

/s/ *James P. Jones*
United States District Judge